UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SALVADOR RAMIREZ-TREJO,

Petitioner,

v.

TONYA ANDREWS, et al.

Respondents.

No. 1:26-cv-08372-DC-CSK (HC)

ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER

(Doc. Nos. 1, 2, 3, 4, 8)

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 3), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) Respondents do not oppose the court ruling directly on the petition. (Doc. No. 8 at 1.) Given that Petitioner is proceeding *pro se* and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition. For the reasons explained below, the court finds that Petitioner's detention is unlawful due to Respondents' failure to provide Petitioner with an initial custody determination as required by 8 U.S.C. § 1226(a) and its implementing regulations such that Petitioner was unaware of the basis for, and could not contest, his detention. Thus, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order Petitioner's immediate release.

/////

## BACKGROUND

Petitioner Salvador Ramirez-Trejo is a native and citizen of Mexico. (Doc. No. 1 at 4.) Petitioner entered the United States on an unknown date. (Doc. No. 8 at 14.) Petitioner has no prior contacts with U.S. immigration authorities. (*Id.*)

On April 1, 2026, U.S. immigration authorities encountered Petitioner at the Collier County Jail where he was detained on criminal charges for driving without a valid driver's license and providing false information to a law enforcement officer, and in relation to an outstanding warrant related to an arrest for driving under the influence. (*Id.*) Immigration authorities placed a detainer on him, by which he was transferred to U.S. Immigration and Customs Enforcement ("ICE") custody upon his release from state custody on July 30, 2026. (*Id.* at 15.) Petitioner was issued a notice to appear dated July 30, 2026. (*Id.* at 8–11.) Respondents do not allege that Petitioner was issued an arrest warrant or a notice of custody determination nor attach those documents to their opposition.

On October 13, 2026, Petitioner filed the pending habeas petition arguing that his continued detention violates his statutory rights under the Immigration and Nationality Act and his constitutional right to due process under the Fifth Amendment. (Doc. No. 1.) Specifically, Petitioner alleges that he "wasn't offered an opportunity for an initial custody determination nor did he get a custody redetermination before an immigration judge violating procedural due process." (*Id.* at 5–6.)

On October 15, 2026, Respondents filed their opposition in which they argue that Petitioner is lawfully detained under 8 U.S.C. § 1226(a), that he is only entitled to the procedures provided in that section, and that he had not requested a custody redetermination hearing. (Doc. No. 8 at 4–5.) Respondents do not address Petitioner's allegation that he was not provided with an initial custody determination.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' provision . . . requires only that a petitioner be incarcerated—or, as here, in INS custody—at the time a habeas petition [was] filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr.*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

**DISCUSSION**

Petitioner contends that Respondents failed to provide him with an initial custody determination or a subsequent custody redetermination hearing in violation of his rights under 8 U.S.C. § 1226(a) and the Fifth Amendment. (Doc. No. 1 at 5–6.) Respondents argue that Petitioner's detention is lawful under § 1226(a), and that he is entitled to a bond hearing pursuant to that statue, which he has not yet requested. (Doc. No. 8 at 4–5.)

When the government detains a noncitizen under § 1226(a), Department of Homeland Security officers must conduct an initial custody determination to determine whether detention or release is appropriate under that section. 8 C.F.R. § 236.1(c)(8) (permitting any "officer authorized to issue a warrant of arrest" to "release an alien . . . under the conditions at section [1]236(a)(2) and (3)" "provided that the alien [] demonstrates to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding"). The officer making this initial determination memorializes the determination on Form I-286, notice of initial custody determination. 8 C.F.R. § 236.1(g). The notice of custody determination also includes "the formal mechanism—a box the detainee may check—to immediately request" that an immigration judge review the initial custody determination at a custody redetermination hearing. *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026). If the noncitizen checks this box, or

otherwise requests a custody redetermination hearing, the noncitizen is entitled to such a hearing in immigration court. *See* 8 C.F.R. §§ 1236.1(d)(1), 1003.19.

Here, Respondents do not attach Petitioner's notice of custody determination to their opposition nor allege that one was issued upon Petitioner's detention. (Doc. No. 8.) The record of deportable/inadmissible alien attached to Respondents' opposition includes a section titled "CUSTODY DETERMINATION" which states only that Petitioner "is currently at the Collier County Jail in Naples, Florida and has been [sic] time served. Subject was transferred to ICE custody on July 30, 2026." (*Id.* at 15.) This statement does not support—and indeed, contradicts—an inference that any immigration official determined whether Petitioner would "pose a danger to property or persons," or that Petitioner "is likely to appear for any future proceeding." 8 C.F.R. 236.1(c)(8).

This court, along with many others in the Ninth Circuit, have found that "where there is no indication that the arresting officer makes an initial custody determination and permits the noncitizen to demonstrate that his release is proper, that detention is unlawful." *Aguilar Moreno v. Chestnut*, No. 1:26-cv-07855-DC-JDP, 2026 WL 3136176, at *3 (E.D. Cal. Oct. 20, 2026); *see Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (stating that the government's failure to provide a noncitizen "with an initial custody determination" "serve[s] as a basis for an order requiring the release of" the noncitizen). Where the government fails to provide a noncitizen with the statutory protections of § 1226(a), that failure constitutes a breach of both his statutory and due process rights. *Veliz-Pina v. Semaia*, No. 5:26-cv-04590, 2026 WL 3012453, at *8 (C.D. Cal. Oct. 6, 2026) (stating that § 1226(a) procedures, including an initial custody determination, "provide[] critical protections that safeguard [the noncitizen's] due process protected interest in freedom from arbitrary confinement"). Further, this court has found that where the government detains a noncitizen without adhering to the § 1226(a) procedures, the noncitizen's detention is unlawful from the outset, and the proper remedy is the noncitizen's immediate release. *Aguilar Moreno*, 2026 WL 3136176, at *3. Thus, for the reasons explained in *Aguilar Moreno*, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order

his immediate release.[1]

## CONCLUSION

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and Motion for a Temporary Restraining Order (Doc. No. 3) are GRANTED as follows:
   a. Respondents shall immediately release Petitioner Salvador Ramirez-Trejo (A-221-453-660) from their custody;
   b. Upon his release, Respondents shall not impose any additional restrictions on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future custody hearing;
   c. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;
   d. If the government seeks to re-detain Petitioner, they shall provide him with a prompt bond hearing at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;
2. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) and motion for appointment of counsel (Doc. No. 4) are DENIED as having been rendered moot by this order;
3. Respondents' motion to dismiss (Doc. No. 8) is DENIED as having been rendered moot by this order;
4. The Clerk of the Court is directed to serve a copy of this order on the Golden State

---

[1] While not raised in his habeas petition, the court additionally notes that there is no evidence that Petitioner was arrested pursuant to an arrest warrant nor argument as to why a warrant could not have been obtained prior to Petitioner's arrest. This failure to abide by § 1226(a)'s procedural protections provides an independent basis to find Petitioner's continued detention unlawful. *See* 8 U.S.C. § 1226(a) ("*On a warrant issued* by the Attorney General, an alien may be arrested and detained pending" removal proceedings) (emphasis added); *Landa Zaragoza v. Chestnut*, No. 1:26-cv-05294-EJD, 2026 WL 2049841, at *2 (E.D. Cal. July 15, 2026) (finding that noncitizens' detention was unlawful where the respondents did "not dispute that [the noncitizens'] arrests were warrantless, nor have they provided any argument that [their] arrests fell into one of the enumerated statutory exceptions").

Annex Detention Facility; and

5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 23, 2026**

Dena Coggins
United States District Judge